IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF THE PARENTAL RIGHTS AS TO R.L.L. AND N.D.H.L.

No. 68071

ROBERT H.L.,
Appellant,
vs.
THE STATE OF NEVADA HEALTH AND HUMAN SERVICES, DIVISION OF CHILD AND FAMILY SERVICES,
Respondent.

FILED

JAN 1 4 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order terminating appellant's parental rights as to his two minor children. Ninth Judicial District Court, Douglas County; Nathan Tod Young, Judge.

The children were removed from their parents' custody in July 2012 based on neglect. The parents failed to comply with their case plans, and a petition to terminate parental rights was filed in August 2014. The mother relinquished her rights, and after trial, the district court entered an order terminating appellant's parental rights. This appeal followed.

To terminate parental rights, the district court must find clear and convincing evidence that (1) at least one ground of parental fault exists, and (2) termination is in the child's best interest. NRS 128.105 (1999); *In re Termination of Parental Rights as to N.J.*, 116 Nev. 790, 800-01, 8 P.3d 126, 132-33 (2000). On appeal, this court reviews questions of law de novo and the district court's factual findings for substantial evidence. *In re Parental Rights as to A.L.*, 130 Nev., Adv. Op. 91, 337 P.3d 758, 761 (2014).

16-01250

Appellant contends that the district court's decision to terminate his parental rights should not be upheld because respondent actively worked against his case plan for reunification. Appellant refers to the district court's finding that respondent was so offended by appellant's religious beliefs that it actively worked against reunification and did not offer all available resources to appellant. Thus, appellant requests additional time to complete his case plan for reunification and assistance from respondent in doing so.

Despite the district court's finding as to respondent's conduct,[1] the district court independently found clear and convincing evidence of parental fault, including neglect, risk of emotional injury, unfitness, failure to adjust, and token efforts. *See* NRS 128.105(2) (1999). In particular, the court found that appellant failed to maintain consistent contact with the children, missed several opportunities for visits over the telephone, and waited until shortly before the termination trial to begin his parenting classes. The court further found that appellant's instability and lack of progress in providing the children a home would expose them to a serious risk of emotional injury if returned to his care.

The district court also found clear and convincing evidence that termination of parental rights was in the children's best interests because appellant had failed to provide the children a home or work his case plan since the children's removal, and it was not in the children's best

---

[1]We note that the district court's finding is somewhat contradictory to several orders issued within the NRS Chapter 432B proceeding, where the court found that respondent had made reasonable efforts to make it possible for the children to return to their parents.

interest to wait indefinitely. *See* NRS 128.107(4) (requiring the court to consider whether additional services are likely to bring about lasting parental adjustment and enable the child's return within a predictable period). Further, the court found that the children were thriving in their foster care placement.

Having considered the parties' arguments and reviewed the record before this court, we conclude that the district court's findings as to parental fault and the children's best interests are supported by substantial evidence. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:   Hon. Nathan Tod Young, District Judge
      Derrick M. Lopez
      Jamie C. Henry
      Attorney General/Reno
      Douglas County Clerk